## Court of Sessions, August Term. 1823,

### The People *vs.* Ebenezer Badger.*—*On Counterfeit Notes.*

BADGER was charged in an indictment under the statute, with having in his possession, with intention to utter and pass to others, one three dollar bank note of the bank of Chenango, and six one dollar notes of the bank of Geneva, with intent to defraud, &c.

The facts of the case appeared as follows : On the 8th of May, John Thomas applied to Cornelius Smith, a boarding-house keeper, at No. 89 Barclay-street, for board for himself and two others. He agreed with Mr. Smith for a room, and he and the prisoner, with his wife, took possession of it the next day.

On a charge of forgery of bank notes the best evidence must be produced. In order to prove the signatures alleged to be forged the testimony of those who have *seen* the parties write, or have *corresponded* with them, must be given in the absence of such evidence the testimony of brokers and others well acquainted with bank notes will be received.

*This and the preceding are the only cases that could be obtained for August Term, 1823, worthy of insertion in this work. Indeed had there been others, they could not have been inserted, as the volume has already extended beyond the expectation of the publishers, and contains more matter than was promised in the Prospectus.

NEW YORK, John Thomas was arrested and committed to Bridewell, chaged with passing counterfeit money. From information obtained from him the prisoner was arrested by Justice Abeel, in company with an officer, and the bills before described found upon him. In searching one of the trunks found in the room, but which was stated by Badger to belong to his fellow lodger, Thomas, it was found to contain upwards of $1300 in one dollar bills of the bank of Geneva, which were proved to be counterfeit.

Messrs. Hayes and Clark were called to prove the bills counterfeit. They testified they had no doubt they were spurious bills—were well acquainted with them, &c. They had however never seen the president or cashier *write* nor had they ever *corresponded* with them.

Price, Phœnix, and Scott, counsel for the prisoner, objected to this kind of evidence, and contended that it was insufficient. It was indispensable that the witnesses should have seen the party write, or should have corresponded with them; that the rules of law had never been extended even in civil cases beyond the rule now contended for.

Maxwell, district attorney, replied, that the practice in this court heretofore had been to admit the testimony of good judges to the genuineness of the bill. That brokers and others had been called, and their evidence had been taken without objection by counsel.

The court decided that the best evidence must be given, and that if the district attorney had witnesses who could testify that they had seen the parties write, whose names had been forged, or had corresponded with them,

they must be produced to the court; and in the absence <span>NEW-YORK,</span> of such testimony, the court thought the evidence of brokers and others well acquainted with bank notes, particularly of the bank whose notes had been forged, would be sufficient.

Maxwell replied, that he could procure witnesses in the city who had seen the president and cashier write, or had corresponded with them; but if the court decided that it was necessary to subpœna them, some delay would necessarily ensue, until the witnesses could be brought in.

The delay in sending for the witnesses was objected to by the counsel for the prisoner. They contended that it was important that criminal trials should be speedy, and occupy as short a space of time as possible, in order to give the least possible opportunity to tamper with witnesses. In this case the court had set nearly two hours waiting for the witnesses to come in; that similar indulgences had been refused to prisoners on application by the counsel, and that it was a bad precedent, &c.

The Court replied, that it was important to the due administration of justice, not to precipitate the trial where witnesses could be obtained to satisfy the court, and relieve the objection that had not been taken.

The witnesses presently appeared before the court, were sworn, and testified they had seen the president and cashier write, and had corresponded with them, and that the notes were counterfeit.

Upon this evidence the prisoner was found guilty.